UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEREMY A. MORIN,

Plaintiff,

v.

CIVIL ACTION NO. 26-11642-MPK

ANTHONY GULLINI, et al.,

Defendants.

ORDER FOR REASSIGNMENT AND RECOMMENDATION OF DISMISSAL
July 20, 2026

KELLEY, U.S.M.J.

For the reasons set forth below, the court will order that this action be reassigned to a District Judge and recommend to the District Judge that this action be dismissed without prejudice for failure to pay the filing fee.

**I. Order to Reassign to a District Judge**

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the time of filing, to a Magistrate Judge. However, absent the parties' consent to the final assignment of this case to a Magistrate Judge, a Magistrate Judge is without jurisdiction to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A). As set forth below, this court concludes that this action is subject to *sua sponte* dismissal. Because the parties have not consented to the final assignment of this case to the Magistrate Judge, the court cannot dismiss the action. For that reason, the court will order that the Clerk of this Court reassign this case to a District Judge.

## II. Recommendation of Dismissal

On April 18, 2026, Jeremy Morin, who is representing himself and incarcerated at the Souza-Baranowski Correctional Center ("SBCC"), filed a civil complaint and a motion for leave to proceed *in forma pauperis*. The same day, the court entered an order denying the *in forma pauperis* motion without prejudice because he did not include the six-month institutional account required under 28 U.S.C. § 1915(a)(2) (#7). The court directed him to either (1) pay the entire filing fee upfront; or (2) file a renewed *in forma pauperis* motion with the required prison account statement. The court stated that failure to do so within twenty-one days could result in dismissal of the action without prejudice. The court also directed the Clerk of Court to provide a copy of the order to the Treasurer's Office SBCC to facilitate any request by Morin for his certified prison account statement. The court did not direct the Treasurer to provide the statement directly to the court.

Morin never responded to that order. However, on April 28, 2026, the court received Morin's certified six-month prison account statement directly from the Treasurer of SBCC (#6). Notwithstanding, the court declined to revisit Morin's *in forma pauperis* motion on the basis of receipt of the prison account statement from the Treasurer. Without a renewed *in forma pauperis* motion, the court did not have any indication that Morin had agreed to undertake the obligation to pay the $350 statutory filing fee over time, as prisoners who are allowed to proceed without prepayment of the filing fee are required to do. *See* 28 U.S.C. § 1915(b).

On June 9, 2026, the court issued another order directing Morin to either (1) pay the $405 filing fee; or (2) file a renewed motion for leave to proceed *in forma pauperis*, and the court stated that failure to do so within twenty days could result in dismissal of the action without prejudice (#7). Morin has not responded to the order.

## III. Conclusion

Accordingly, the court hereby orders:

1. The Clerk of this Court shall reassign this action to a District Judge.

2. The court RECOMMENDS to the District Judge that this action be dismissed without prejudice for failure to pay the filing fee.

## IV. Review by District Judge

The parties are advised that any party who objects to this recommendation must file a specific written objection with the Clerk of this Court within fourteen days of service of the Report and Recommendation. The written objection must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega,* 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

SO ORDERED.

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge